UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| **Oscar F Ceja** | ) | Bankruptcy Case No. 08 – 27611 |
| **Susan M Ceja** | ) | |
| | ) | |
| Debtor(s) | ) | Judge Pamela S. Hollis |
| | | Hearing Date: |
| | | January 26 2009 @ 9:30 am |

Debtors, Oscar F. Ceja and Susan M. Ceja,

           Movants,

vs.

Chase Bank USA, N.A.

           Respondent.

## NOTICE OF MOTION

To:    Michael D. Fine, 131 South Dearborn Street, Chicago, Illinois 60603
        Chase Bank USA, N.A. c/o Michael D. Fine, 131 South Dearborn Street,
        Chicago, Illinois 60603
        Oscar & Susan Ceja, 14514 South Whipple Avenue, Posen, Illinois 60469

Please take notice that on 1/26/09 at 9:30 a.m. or as soon thereafter as counsel may be heard, I shall appear in the courtroom usually occupied by the Honorable Judge Hollis or whoever is presiding in said Judge's stead at the following address: 219 S. Dearborn, Rm 644, Chicago, Illinois, and shall then and there appear and present the attached Motion for Sanctions filed by the Debtor Arising out of Violations of the Automatic Stay provided for by Section 362 of Title 11 of the United States Code on the above matter at which time you may appear if you so desire.

                                          /s/ Thomas W. Toolis
                                          By: Thomas W. Toolis

Thomas W. Toolis
Attorneys for Debtors
9031 W. 151st Street, Ste 203
Orland Park, IL 60462
708-349-9333
6270743

```
              UNITED STATES BANKRUPTCY COURT
                NORTHERN DISTRICT OF ILLINOIS
```

| IN RE: | ) | Chapter 13 |
|---|---|---|
| **Oscar F Ceja** | ) | Bankruptcy Case No. 08 – 27611 |
| **Susan M Ceja** | ) | |
| | ) | |
| Debtor(s) | ) | Judge Hollis |

Debtors, Oscar F. Ceja and Susan M. Ceja,

    Movants,

vs.

Chase Bank USA, N.A.

    Respondent.

### Motion for Sanctions Filed by the Debtors Arising out of Violations of the Automatic Stay Provided for by Section 362 of Title 11 of the United States Code

**NOW COMES** the above-named Debtors by and through their attorney of record, and respectfully moves the Court pursuant to Rule 9013 of the Rules of Bankruptcy Procedure, and Section 362 of Title 11 of the United States Code for the entry of an order or appropriate sanctions against the respondents named herein and in support hereof respectfully shows until the Court the following:

#### Jurisdiction

1. This contested case is a core proceeding as that term is defined by Section 157(b)(2) of Title 28 of the United States Code in that it concerns claims and matters arising out of the administration of this bankruptcy case and rights duly established under Title 11 of the United States Code and other applicable federal law.

2. This Court has jurisdiction to enter a final and dispositive order in this contested matter.

3. This Court has both personal and subject matter jurisdiction to hear this contested case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 11 of the United States Code.

4. Section 362(h) of Title 11 of the United States Code provides individual debtors with a powerful tool to safeguard the benefits of the automatic stay and to discourage violations of the stay. *In Resumpter*, Bankruptcy N.D. Ill. 1994, 171 B.R. 835. The Debtor further alleges that this provision provides that "an individual injured by a willful violation of a stay . . . shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(h).

### Parties

5. The Movants are natural persons residing in the Village of Posen, County of Cook, State of Illinois, and are also debtors under the provisions of Chapter 13 of Title 11 of the United States Code. The Movants are hereinafter referred to as the Debtors or the Movants.

6. The Respondent, Chase Bank USA, N.A., is a corporation that is authorized to do business in Illinois. The Respondent is hereinafter referred to as the Creditor or the Respondent.

### The Base Case

7. This Chapter 13 bankruptcy case was commenced by the filing of a voluntary petition with the Clerk of this Court on October 15, 2008.

8. The 341(a) meeting of creditors was held in Chicago, Illinois on December 4, 2008.

9. The Chapter 13 plan was confirmed by order of this Court on January 12, 2009.

### The Allegations in Support of the Stay Violation

10. In the schedules filed with the petition in this case and on the master mailing matrix filed with the Clerk of the Court, an unsecured debt was listed in favor of Creditor for credit card purchases charged in the amount of $6,584.12. *See Attached Exhibit A*.

11. The Trustee in this case caused a written notice of filing, of the automatic stay, and of the 341 meeting of creditors to be mailed to all parties on the master mailing matrix by first class mail on October 16, 2008, and that such notice was in fact received by the Creditor. *See Attached Exhibit B*.

12. The notice mailed by the Trustee included the following warning to all creditors: "**CREDITORS MAY NOT TAKE CERTAIN ACTIONS**: The filing of the

bankruptcy case automatically **stays** certain collection and other actions against the debtor, debtor's property, and certain co-debtors. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be **penalized**." *See Attached Exhibit B.*

13. An order for relief was entered in this case on October 15, 2008, pursuant to 11 USC § 301, thus triggering an automatic stay, pursuant to 11 USC § 362(a), of all debt collection against the Debtors.

14. The Debtors aver that the actions described below were taken after the Creditor had notice of the bankruptcy filing, of the automatic stay, and of the Order for Relief duly entered by this Court.

15. The Creditor garnished Debtor Oscar Ceja's wages by $376.93 during his pay period ending on November 7, 2008. *See Attached Exhibit C.*

16. On November 6, 2008, the undersigned counsel for the Debtors wrote a letter to the Creditor notifying the Creditor that the Debtors are protected from garnishment and demanding payment for the garnished $376.93 within 15 business days. *See Attached Exhibit D.*

17. Despite having received notice from both this Court and the Debtor's undersigned counsel, the Creditor further garnished Debtor Oscar Ceja's wages by $353.14 during his pay period ending on November 21, 2008. *See Attached Exhibit E.*

18. The Creditor garnished Debtor Oscar Ceja's wages again by $343.34 during his pay period ending on December 5, 2008. *See Attached Exhibit F.*

19. The Creditor garnished Debtor Oscar Ceja's wages again by $337.75 during his pay period ending on December 19, 2008. *See Attached Exhibit G.*

20. To date, Creditor has garnished Debtor Oscar Ceja's wages by $1,411.16.

21. At no time did any agent or employee of the Creditor communicate or attempt to communicate with the Debtors' undersigned counsel, although the Defendant knew or had reason to know that the Debtors were represented by the counsel with respect to their debt, and the Creditor knew or could readily ascertain the address of the attorney.

22. The Creditor has failed to meet the Debtors' reasonable demands by refusing to cease its garnishment of Debtor Oscar Ceja's wages and failing to refund all garnishment to date.

23. The actions of the respondents as alleged herein constitute willful, intentional, gross and flagrant violations of the provisions of Section 362(a)(3) of Title 11 of the United States Code.

24. The actions alleged herein are acts in violation and contempt of the Order for Relief duly entered by this Court.

WHEREFORE, the Debtors respectfully pray of the Court as follows:

A. That this Court impose sanctions against the Creditor for violating Section 362(a)(3) of Title 11 of the United States Code by ordering the Creditor to pay monetary damages to the Debtors in excess of the sum of $2,500.00;

B. That this Court order the Creditor named herein to pay all legal fees and expenses incurred by counsel for the Debtors, said fees to be calculated at the rate of $325.00 per hour, but in no event to be less than $2,500.00;

C. That any proof of claim of the Creditor is withdrawn, with prejudice, and that the underlying debt is forever canceled and discharged as an additional sanction provided for under Section 362(h) of Title 11 of the United States Code;

D. That the Debtors have and recover against the Creditor a sum greater than $5,000.00 in damages to be paid to the Chapter 13 Trustee for distribution under his Chapter 13 Plan, such award to constitute punitive damages under Section 362(h) of Title 11 of the United States Code;

E. That, in the alternative, this Court hold the respondents in civil contempt for violating the Order for Relief duly entered in this case and impose damages including but not limited to actual damages, punitive damages, court costs and legal fees, all in the discretion of the Court;

F. That the Creditor shall within 7 days refund $1,411.16 to the Debtors c/o Thomas W. Toolis.

G. That the Debtors have such other and further relief as the Court may deem just and proper.

Dated this the 14th day of January of 2009.

                                    ___/s/ Thomas W. Toolis_____

Thomas W. Toolis
Jahnke & Toolis
Attorney for Debtor
Attorney No.: 6270743
9031 W. 151st St. – Suite 203
Orland Park, Illinois  60462
Voice:  (708) 349-9333 / FAX:  (708) 349-8333
Email:  twt@jtlawllc.com